IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| **ROBERT F. BROWN III** | § | |
| | § | |
| V. | § | A-14-CA-1028-SS |
| | § | |
| **WILLIAM STEPHENS, Director,** | § | |
| **Texas Dept. of Criminal Justice-** | § | |
| **Correctional Institutions Division,** | § | |

REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

TO:     THE HONORABLE SAM SPARKS
        UNITED STATES DISTRICT JUDGE

The Magistrate Judge submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. §636(b) and Rule 1(e) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrates, as amended, effective December 1, 2002.

Before the Court are Petitioner's Application for Habeas Corpus Relief under 28 U.S.C. § 2254 (Document 1) and Respondent's Answer (Document 6). Petitioner did not file a response thereto. Petitioner, proceeding pro se, has been granted leave to proceed in forma pauperis. For the reasons set forth below, the undersigned finds that Petitioner's Application for Writ of Habeas Corpus should be denied.

## STATEMENT OF THE CASE

A.  **Petitioner's Criminal History**

According to Respondent, the Director has lawful and valid custody of Petitioner pursuant to a judgment and sentence of the 277th Judicial District Court of Williamson County, Texas, in cause number 05-307-K277. Petitioner is serving a twelve-year sentences for five counts of indecency with a child by contact. Petitioner does not challenge his holding conviction. Rather, he challenges prison disciplinary case number 20140331227. In that case, Petitioner was charged with engaging in a consensual sexual act with others and being out of place.

B.  **Petitioner's Grounds for Relief**

Petitioner raises the following grounds for relief:

1. There was insufficient evidence to support the disciplinary hearing officer's ("DHO's") finding of guilt for engaging in a consensual sexual act with others;

2. There is no evidence to support the DHO's finding of guilt for this charge other than the charging officer's report;

3. TDCJ-CID destroyed video footage that would not have supported the charge; and

4. The DHO's unsupported finding of Petitioner's guilt and punishment assessed for engaging in a consensual sexual act with others violated Petitioner's liberty interest in parole.

C.  **Exhaustion of Administrative Remedies**

Respondent contends Petitioner did not exhaust his administrative remedies with respect to claims 3 and 4. Respondent explains Petitioner did not raise these claims in his Step 1 and Step 2 grievance forms.

## DISCUSSION AND ANALYSIS

    A.    **Exhaustion of Administrative Remedies**

A court may deny an application for a writ of habeas corpus on the merits, notwithstanding the failure of the applicant to exhaust all available remedies. 28 U.S.C. § 2254(b)(2). As explained below, Petitioner's habeas claims are without merit.

    B.    **Due Process**

As a result of disciplinary case number 20140331227, Petitioner lost 45 days of recreation privileges and 45 days of commissary privileges. These punishments do not trigger the Due Process Clause. In Madison v. Parker, 104 F.3d 765, 768 (5th Cir. 1997), the Fifth Circuit Court of Appeals held that commissary and cell restrictions as punishment are merely changes in the conditions of a prisoner's confinement and do not implicate due process concerns. "They are penalties which do not represent the type of atypical, significant deprivation in which a state might create a liberty interest." Id.

In addition to the above-listed punishments, Petitioner was reduced in line class from S3 to L1. However, challenges to changes in time-earning class also do not present grounds for federal habeas corpus relief. The Fifth Circuit has held the timing of a petitioner's release on mandatory supervision is too speculative to afford him a constitutionally cognizable claim to the "right" to a particular time-earning status, which right the Texas legislature has specifically denied creating. Malchi v. Thaler, 211 F.3d 953, 959 (5th Cir. 2000).

Petitioner also lost 30 days of good time credits. Challenges to disciplinary proceedings do not generally raise a cognizable constitutional violation unless the petitioner has lost good time credits and is eligible for mandatory supervision. See Malchi, 211 F.3d at 957-58; Madison, 104 F.3d

at 768. As explained by Respondent, Petitioner is not eligible for mandatory supervision, because he was convicted of indecency with a child. Thus, the loss of good time serves only to affect Petitioner's possible release on parole. The Fifth Circuit has expressly held that there is no constitutional right to release on parole in the State of Texas. Creel v. Keene, 928 F.2d 707, 708-09 (5th Cir. 1991); Allison v. Kyle, 66 F.3d 71, 74 (5th Cir. 1995). Under these circumstances, the loss of good time credits does not affect a constitutionally protected right, but only the "mere hope" of release on parole. This hope is not protected by due process. See Greenholtz v. Inmates of Nebraska Penal and Correctional Complex, 442 U.S. 1, 11 (1979).

    **C.**    **Retaliation**

Petitioner may also be asserting the disciplinary action was taken in retaliation for filing grievances on his behalf and on the behalf of others. To state a retaliation claim, Petitioner "must allege (1) a specific constitutional right, (2) the defendant's intent to retaliate against the prisoner for his or her exercise of that right, (3) a retaliatory adverse act, and (4) causation." Hart v. Hairston, 343 F.3d 762, 764 (5th Cir. 2003). The burden placed on the inmate to demonstrate a valid retaliation claim is "significant," and "[m]ere conclusionary allegations of retaliation" are insufficient. Woods v. Smith, 60 F.3d 1161, 1166 (5th Cir. 1995). To meet his burden, Petitioner must "produce direct evidence of motivation," or he must "allege a chronology of events from which retaliation may plausibly be inferred." Id. Retaliation may be inferred from the exercise of the protected right to complain followed by an adverse act. Id. at 1164; Gibbs v. King, 779 F.2d 1040, 1042 (5th Cir. 1986).

Petitioner's retaliation claim fails, because Plaintiff has not adequately shown that a retaliatory motive was the but-for cause of the disciplinary charge. See Woods, 60 F.3d at 1166 ("To

state a claim of retaliation an inmate must allege the violation of a specific constitutional right and be prepared to establish that but for the retaliatory motive the complained of incident . . . would not have occurred. This places a significant burden on the inmate"); Johnson v. Rodriguez, 110 F.3d 299, 313 n. 19 (5th Cir.1997) ("Unless the complained of action would not have taken place 'but for' the retaliatory animus, then the retaliation claim has not been made out.").

## RECOMMENDATION

It is recommended that Petitioner's Application for Writ of Habeas Corpus be denied.

## CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Pursuant to Rule 11 of the Federal Rules Governing Section 2254 Cases, effective December 1, 2009, the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.

A certificate of appealability may issue only if a petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in Slack v. McDaniel, 529 U.S. 473, 484 (2000). In cases where a district court rejected a petitioner's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Id. "When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a

constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id.

In this case, reasonable jurists could not debate the dismissal or denial of the Petitioner's section 2254 petition on substantive or procedural grounds, nor find that the issues presented are adequate to deserve encouragement to proceed. Miller-El v. Cockrell, 537 U.S. 322, 327 (2003) (citing Slack, 529 U.S. at 484). Accordingly, it is respectfully recommended that the Court shall not issue a certificate of appealability.

## OBJECTIONS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. Battles v. United States Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the district court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district court. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140, 150-153 (1985); Douglass v. United Servs. Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996)(en banc).

To the extent that a party has not been served by the Clerk with this Report and Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is

ORDERED to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

      **SIGNED** on February 25, 2015.

                                              _____
                                              MARK LANE
                                              UNITED STATES MAGISTRATE JUDGE