IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

**ROBERT F. BROWN III,**
     **Petitioner,**

-vs-                  **Case No.  A-14-CA-1028-SS**

**WILLIAM STEPHENS,**
     **Respondent.**

## O R D E R

 BE IT REMEMBERED on this day the Court reviewed the file in the above-styled cause, and specifically Petitioner Robert F. Brown III's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 [#1] and the Report and Recommendation of United States Magistrate Judge Mark Lane [#9]. No objections have been filed.  Having reviewed the documents, the governing law, and the file as a whole, the Court enters the following opinion and orders.

 All matters in this case were referred to United States Magistrate Judge Mark Lane for report and recommendation pursuant to 28 U.S.C. § 636(b) and Rule 1 of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.  Petitioner is entitled to de novo review of the portions of the Magistrate Judge's report to which he filed specific objections.  28 U.S.C. § 636(b)(1).  All other review is for plain error.  *Starns v. Andrews*, 524 F.3d 612, 617 (5th Cir. 2008).  Nevertheless, this Court has reviewed the entire file de novo, and agrees with the Magistrate Judge's recommendation.

## Background

**A.      Factual and Procedural History**

Petitioner is presently incarcerated pursuant to a judgment and sentence rendered by the 277th Judicial District Court of Williamson County, Texas.  Petitioner is presently serving a twelve-year sentence in the French Robertson Unit, a maximum-security state prison located in Jones County, Texas, following his conviction of five counts of indecency with a child by contact. Petitioner's habeas petition, however, does not challenge his holding conviction; rather, Petitioner challenges prison disciplinary case number 20140331227.  In that case, Petitioner was charged with (1) engaging in a consensual sexual act with others and (2) being out of place.  Following a disciplinary hearing, during which Petitioner pled not guilty to the first charge and guilty to the second, a disciplinary hearing officer (DHO) found Petitioner guilty of both charges.  Petitioner's punishment was: (1) loss of 45 days of recreation privileges; (2) loss of 45 days of commissary privileges; (3) a reduction in line class status; and (4) loss of 30 days of good-time credit.

Petitioner submitted a "Step 1" grievance following assessment of his punishment, appealing the outcome of the disciplinary hearing.  That grievance was denied on August 28, 2014.  Petitioner thereafter submitted a "Step 2" grievance, appealing the outcome of the Step 1 grievance.  That grievance was denied on September 9, 2014.  The instant habeas petition followed.

**B.      Petitioner's Grounds for Relief**

Petitioner raises the following grounds for relief:

1.      insufficient evidence to support the DHO's finding of guilt on the charge of engaging in a consensual sexual act with others;

2.      no evidence to support the DHO's finding of guilt other than the charging officer's report;

3.      prison officials destroyed video footage that would have proven Petitioner's
        innocence of the charge; and

4.      the DHO's finding of guilt and the punishment assessed violates Petitioner's
        liberty interest in parole.

## Analysis

Respondent raises three arguments: (1) Petitioner failed to exhaust his third and fourth grounds for relief, as he failed to assert either in his Step 1 and Step 2 grievances; (2) the loss of recreation and commissary privileges and the reduction in line class status do not implicate due process protections, and are therefore non-cognizable in habeas; and (3) as Petitioner is not eligible for mandatory supervision, the loss of good-time credit does not implicate a liberty interest. Respondent reserves argument of the failure-to-exhaust affirmative defense and focuses exclusively on the merits arguments. A habeas petition may be denied on the merits, notwithstanding the petitioner's failure to exhaust. 28 U.S.C. § 2254(b)(2). Because the Court agrees no due process or liberty interests are implicated by Petitioner's claims, Petitioner's § 2254 petition must be denied.

## A.      Loss of Privileges & Line Class Status

"[T]he Due Process Clause does not protect every change in the conditions of confinement having a substantial adverse impact on the prisoner." *Sandin v. Conner*, 515 U.S. 472, 478 (1995). While states may, under certain circumstances, create liberty interests held by prisoners and protected by the Due Process Clause, those interests are generally limited to those "which affect the quantity of time rather than the quality of time served by a prisoner." *Madison v. Parker*, 104 F.3d 765, 767 (5th Cir. 1997). Commissary restrictions and recreation restrictions, imposed as punishment for an inmate's misconduct, are merely changes in the conditions of confinement and do not implicate due process concerns; they "do not represent the type of atypical, significant deprivation in which a state

might create a liberty interest." *Id.* at 768. Consequently, Respondent is correct that Petitioner's loss of recreation and commissary privileges are non-cognizable in federal habeas.

Similarly, Petitioner's reduction in "line class status," which determines how much good-time credit a prisoner earns per day of good conduct, does not implicate due process concerns. The effect of line class status on the timing of a prisoner's release "is too speculative to afford him a constitutionally cognizable claim to the 'right' to a particular time-earning status, which right the Texas legislature has specifically denied creating." *Malchi v. Thaler*, 211 F.3d 953, 959 (5th Cir. 2000) (citing *Bulger v. United States*, 65 F.3d 48, 50 (5th Cir. 1995)). Petitioner's claim concerning reduction in his line class status is also non-cognizable in habeas.

## B.      Loss of Good-Time Credit

The loss of good-time credit, however, requires a slightly more searching analysis. Accumulated good-time credit allows an eligible prisoner to be released early and to serve the remainder of his sentence under mandatory supervision. *Madison*, 104 F.3d at 768. The Constitution does not guarantee good-time credit for good behavior while in prison. *Malchi*, 211 F.3d at 959. However, "[w]hen a state creates a right to good time credit and recognizes that its revocation is an authorized sanction for misconduct," a prisoner has a protected liberty interest in the right, entitling him to due process protection before it is revoked. *Id.* Thus, a prisoner who is eligible for early release under mandatory supervision may bring a habeas claim based upon loss of good-time credit.

Petitioner may not bring such a claim because he is not eligible for early release under mandatory supervision. At the time Petitioner committed his offenses, indecency with a child by contact was a second-degree felony under § 21.11 of the Texas Penal Code. *See* TEX. PENAL CODE

-4-

§ 21.11(d) (West 2003, 2004). The Texas mandatory supervision statute then in effect[1] provided that an inmate serving a sentence for a second-degree felony under § 21.11 was not eligible for release to mandatory supervision. TEX. GOV'T CODE § 508.149(a)(5) (West 2003, 2004). Because he is ineligible, Petitioner has no habeas claim based upon a constitutional expectancy of early release under mandatory supervision.

Finally, Petitioner's claim his loss of good-time credit is constitutionally salient because of its potential effect on his possible release on parole must be rejected. There is no constitutional right to release on parole in Texas. *Madison*, 104 F.3d at 768 (citing *Creel v. Keene*, 928 F.2d 707 (5th Cir. 1991)).

## C.     Retaliation

As the Magistrate Judge noted, while unclear from his petition, Petitioner may also be asserting that the disciplinary action against him was taken in retaliation for previously filing grievances on his own behalf and on behalf of other inmates. To state a valid claim for retaliation, "a prisoner must allege (1) a specific constitutional right, (2) the defendant's intent to retaliate against the prisoner for his or her exercise of that right, (3) a retaliatory adverse act, and (4) causation." *Hart v. Hairston*, 343 F.3d 762, 764 (5th Cir. 2003) (internal quotes omitted). "To assure that prisoners do not inappropriately insulate themselves from disciplinary actions by drawing the shield of retaliation around them, trial courts must carefully scrutinize these claims." *Woods v. Smith*, 60 F.3d 1161, 1166 (5th Cir. 1995). An inmate bringing a retaliation claim bears the "significant burden" of establishing that "but for the retaliatory motive, the complained of incident

---

[1] An inmate's eligibility for mandatory supervision in Texas is determined based on the statute in effect at the time of the offense. *Ex parte Hall*, 995 S.W.2d 151, 152 (Tex. Crim. App. 1999).

. . . would not have occurred." *Id.* The Court agrees with the Magistrate Judge that Petitioner has failed to carry that burden, particularly as Petitioner pled guilty to the second of the two disciplinary charges brought against him.

## Conclusion

As all of Petitioner's claims fail on the merits, the Court finds his § 2254 petition must be denied. An appeal may not be taken to the court of appeals from a final order in a proceeding under § 2254 "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Pursuant to Rule 11 of the Federal Rules Governing Section 2254 Proceedings, effective December 1, 2009, the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.

A certificate of appealability may issue only if a movant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In cases where a district court rejects a movant's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* "When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

In this case, reasonable jurists could not debate the dismissal of Petitioner's § 2254 petition on substantive or procedural grounds, nor find the issues presented are adequate to deserve encouragement to proceed. *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack*, 529 U.S. at 484)). Thus, a certificate of appealability shall not issue.

Accordingly:

IT IS ORDERED that the Report and Recommendation of the United States Magistrate Judge [#9] is ACCEPTED;

IT IS FURTHER ORDERED that Petitioner Robert F. Brown III's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 [#1] is DENIED; and

IT IS FINALLY ORDERED that a certificate of appealability is DENIED.

SIGNED this the 28th day of May 2015.

SAM SPARKS
UNITED STATES DISTRICT JUDGE